94 N.J. Super. 462 (1967)
228 A.2d 874
GEORGE H. SMITH, PLAINTIFF-APPELLANT,
v.
FIRST NATIONAL STORES, INC., A MASSACHUSETTS CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 3, 1967.
Decided April 13, 1967.
*464 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Leonard Sachar argued the cause for appellant (Messrs. Sachar, Sachar & Bernstein, attorneys).
Mr. Thomas F. Hueston argued the cause for respondent (Messrs. Hueston & Hueston, attorneys).
The opinion of the court was delivered by FOLEY, J.A.D.
In this negligence case plaintiff appeals from an adverse judgment entered upon a jury verdict of no cause of action. His motion for a new trial was denied by the trial judge. The appeal raises alleged trial errors.
Plaintiff was a business invitee in defendant's supermarket. He described the occurrence upon which the action is based as follows:
"I was shopping in the store and I had to go to the men's room and I went to a man who was stamping the prices on the bottom of cans * * * I asked him if I could use the men's room and he said yes and directed me to it.
I went up the stairwell, I went to the men's room. On the way down when I approached the top stair my foot slipped and my shoe caught on the molding and I put my left foot out. I did this with my right foot. I put my left foot out on the second stair to catch myself and it went off and I went down the stair on my back with my arms back to try to save myself and my forearms were damaged and I wound up at the bottom of the stairs."
There was evidence that the meat department of the store was about five feet away from the foot of the stairway. There was evidence that prior to the accident sawdust was commonly observed upon the stairway which, according to the store manager, "could have come from the produce department or it could come from the meat department." This *465 witness also testified that the purpose of the sawdust around the meat department was to "keep the meat floor from a sliding condition," and it was inferable that such sawdust would pick up meat or fat droppings. There was evidence also that the stairway was used by store employees to reach rest rooms where the employees changed their uniforms and kept their handbags and valuables. The manager testified that the employees used the stairway about seven or eight times a day, or a total of 180 times a day for all employees. It was circumstantially inferable that the presence of the sawdust on the stairway was substantially attributable to such use and, therefore, that any danger which may have inhered in the tracking of greasy sawdust from the meat department area was created by defendant's employees.
We leave aside the testimony which tended to establish that the molding on the top step was in a defective condition on the day of the accident and that such condition had long preexisted the occurrence. We likewise leave aside the testimony of plaintiff's expert which was to the effect that the treads of the stairway were substandard and dangerous because of their narrow width.
In dealing with the inferably greasy or slippery condition which, in whole or in part, could be found to have brought defendant to his injuries, the court charged as follows:
"Should you find that the plaintiff's fall was caused or partially caused by the foreign substance, that is, the grease or whatever appeared in the evidence, the defendant must have had actual notice of that condition and if not then the plaintiff must prove that this condition had existed sufficiently long enough for the defendant to have had constructive notice of it. Now, that's apropos of grease or any other substance that appeared in the evidence."
At the conclusion of the charge plantiff's attorney immediately objected to the court's instruction relating to the necessity of a showing by plaintiff that defendant had either actual or constructive notice, citing Bozza v. Vornado, Inc., 42 N.J. 355, 360 (1964), wherein the court stated that when plaintiff has shown that the cricumstances were *466 such as to create the reasonable probability that the dangerous condition did occur, he need not also prove actual or constructive notice of the specific condition. We agree with this proposition but have some doubt of its complete applicability to the facts of this case. In Bozza the culpable conditions arose from the conduct of customers of defendant's restaurant and cafeteria. The court in effect held, that there inhered in the nature of defendant's operation a foreseeable hazard that the floor would become littered and therefore that notice, actual or constructive, was not required.
Here, as we have indicated, the evidence was such that a jury could legitimately conclude that the greasy, slippery state of the stairway in reasonable probability resulted from the tracking of the sawdust upon the stairway  not by customers  but by defendant's own employees. Notice, either actual or constructive, is not required where a defendant through its agents and employees creates a dangerous condition. Compare Torda v. Grand Union Co., 59 N.J. Super. 41 (App. Div. 1959), Plaga v. Foltis, 88 N.J. Super. 209, 212 (App. Div. 1965).
The failure of the trial court to so instruct the jury and the court's binding instruction that on the facts of this case knowledge or notice was prerequisite to recovery, no matter what factual hypothesis the jury arrived at, was a grievous error which in and of itself compels reversal.
Since the case may be retried we deem it advisable to comment upon another alleged trial error. Plaintiff offered in evidence the entire hospital record relating to history and treatment under N.J.S. 2A:82-34 (Uniform Business Records as Evidence Act), and asked that the cover page be deleted from the exhibit. This page contained a statement that plaintiff's lawyer would pay the hospital bill, and the mistaken information that this was "a possible" workmen's compensation case. The trial court ruled that the exhibit would be received in evidence only in its entirety and without deletion of the cover page. Put to his option plaintiff's attorney under this pressure offered the entire record and *467 then, subsequently, moved to strike from the record the cover page by reason of its irrelevancy. The court denied his motion.
The cover page obviously bore no relation whatever to the nature and extent of plaintiff's injuries, nor to the care and treatment given to him during his confinement. The purpose of the Uniform Business Records as Evidence Act was to liberalize the common law principles relating to the admissibility of such records. However, it was not to make evidence relevant which was irrelevant. Gallagher v. Portland Traction Co., 181 Or. 385, 182 P.2d 354, 357 (Sup. Ct. 1947). The act, condition or event recorded in the hospital must be germane to the physical or mental condition which caused the patient to come to the hospital, or reasonably pertinent thereto (unless competent under some other exception to the hearsay rule). See Commonwealth v. Harris, 351 Pa. 325, 41 A.2d 688 (Sup. Ct. 1945).
We are satisfied that the trial judge was clearly in error in his "all or nothing" ruling. The defense attorney took advantage of it by commenting in a prejudicial fashion on portions of the irrelevant cover page and, despite plaintiff's objection, the court did not attempt to cure the comment until his charge when he merely stated, in effect, that workmen's compensation was not involved in the case.
There were other allusions by defense counsel on summation to matters not in evidence.
Reversed and remanded for a new trial.