**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2125-19

THOMAS E. SEELEY and
DANIELLE SEELEY, h/w,

      Plaintiffs-Appellants,

v.

CAESARS ENTERTAINMENT,
CORPORATION d/b/a BALLY'S
CASINO, BALLY'S PARKPLACE,
INC., d/b/a BALLY'S ATLANTIC
CITY and BALLY'S CASINO,

      Defendants-Respondents.

_____

Submitted January 4, 2021 – Decided March 18, 2021

Before Judges Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1904-14.

Sacchetta and Falcone, attorneys for appellants (Marc T. Sacchetta, of counsel and on the brief; Randi S. Greenberg, on the brief).

Cooper Levenson, PA, attorneys for respondents (Amy E. Rudley and Jennifer B. Barr, on the brief).

PER CURIAM

Plaintiffs Thomas and Danielle Seeley[1] appeal from the Law Division's January 10, 2020 order granting the summary judgment dismissal of the slip-and-fall premises liability action they filed against defendant Caesars Entertainment Corporation. Because we conclude genuine issues of material fact should have precluded the grant of summary judgment, we reverse and remand for further proceedings.

I

The motion record, construed in the light most favorable to plaintiff as the non-moving party, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995), reveals the following facts. On October 19, 2011, plaintiff – an attorney – attended a deposition in Atlantic City at Bally's Casino, owned by defendant. During a break, plaintiff and his co-counsel, Theodore Baker, went to a public men's restroom. After Mr. Baker entered and went into a stall, plaintiff walked

_____

[1] In this opinion, we refer to Thomas and Danielle Seeley collectively as "plaintiffs," and Thomas Seeley individually as "plaintiff." Plaintiff's wife sues per quod.

2

across the floor and slipped and fell on his back. Plaintiff sustained serious back injuries and later underwent multiple-level lumbar fusion surgery.[2]

Neither plaintiff nor Mr. Baker noticed moisture on the floor before the fall. Upon hearing plaintiff fall, Mr. Baker exited the stall and offered assistance to plaintiff; at that point, he also made several observations. He first observed a pattern of moisture covering a "fairly wide area" of plaintiff's back. He then investigated the floor, which felt wet and slippery, and observed "the amount of moisture that would be left if you took a wet towel and rubbed it on the floor, or a mop, or a sponge or something." It appeared to him that the amount of moisture was "consistent . . . as if someone had cleaned [the floor], as if someone had come in and wiped it down." Moreover, the pattern of moisture on the floor was consistent with the pattern on plaintiff's back. Plaintiff and Mr. Baker both assumed the moisture on the floor was water because it was odorless.

After hearing oral argument and reviewing the deposition testimony of plaintiff and Mr. Baker, the motion judge issued an oral decision. The judge found there was moisture on the floor, but concluded that Mr. Baker's testimony regarding its source was "speculative at best" and that "the circumstantial

---

[2] Plaintiffs filed this action in 2013; however, all proceedings in the case were stayed in 2015, after defendants filed for bankruptcy. In 2019, the bankruptcy court entered an order granting plaintiffs leave to proceed with this action.

inference that [the moisture on the floor was created by defendants was not] appropriate under these circumstances [of a public bathroom]." Accordingly, the judge found plaintiff raised no genuine issues of material fact and granted defendants' motion.

This appeal followed, with plaintiffs raising the following argument:

POINT I

MR. BAKER'S TESTIMONY AS TO THE APPEARANCE OF THE LIQUID ON THE FLOOR AND THE PATTERN ON MR. SEELEY'S JACKET WAS SUFFICIENT TO CREATE A JURY QUESTION ON THE ISSUE OF DEFENDANTS' LIABILITY FOR PLAINTIFF'S FALL. THEREFORE, THE SUMMARY JUDGMENT SHOULD BE REVERSED.

II

On appeal, we review summary judgment orders de novo. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). We "review the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014) (citing Brill, 142 N.J. at 540; R. 4:46-2(c)).

To establish a prima facie case of negligence, a plaintiff must set forth evidence that: 1) defendant owed him a duty of care; 2) defendant breached that

duty; and 3) defendants' breach of duty proximately caused plaintiff's damages. D'Alessandro v. Hartzel, 422 N.J. Super. 575, 579 (App. Div. 2011).

"Under common law of premises liability, a landowner owes increasing care depending on whether the visitor is a trespasser, licensee or social guest or business invitee." Sussman v. Mermer, 373 N.J. Super. 501, 504 (2004). For summary judgment, defendants conceded plaintiff was a business invitee. "Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003). "The duty of due care to a business invitee includes an affirmative duty to inspect the premises and 'requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe.'" Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 601 (App. Div. 2016) (quoting Nisivoccia, 175 N.J. at 563).

Business owners are generally not liable for injuries caused by defects on the premises of which they had no actual or constructive notice and no reasonable opportunity to discover. Nisivoccia, 175 N.J. at 563. "Ordinarily, an injured plaintiff . . . must prove . . . the defendant[s] had actual or constructive

knowledge of the dangerous condition that caused the accident."  Ibid. However, notice is not required if the injured plaintiff can establish that the defendants created the dangerous condition.  Craggan v. Ikea USA, 332 N.J. Super. 53, 61 (App. Div. 2000).

Applying these principles and viewing the facts in the light most favorable to plaintiff, Brill, 142 N.J. at 523, we conclude the motion judge erred in finding Mr. Baker's testimony did not raise genuine issues of material fact.  Mr. Baker testified that the area of the restroom floor felt "wet" and "slippery" and appeared to be covered in "the amount of moisture left if you took a wet towel and rubbed it on the floor, or a mop, or a sponge or something."  On this point, we note the motion judge accepted that the restroom was "certainly cleaned by the agents or employees of the casino."[3]  Based on this evidence, if the testimony of plaintiff and Mr. Baker is accepted as credible, a reasonable jury could legitimately infer that one of defendants' employees responsible for cleaning the restroom created the wet and slippery condition that caused plaintiff's fall and resulting injury.  See Smith v. First National Stores, 94 N.J. Super. 462, 466 (App. Div. 1967) (finding the plaintiff was not required to show

_____

[3] Although casino patrons use these restrooms too, the record contains no basis to suggest the condition that caused plaintiff's fall was created by a mop-carrying casino patron.

6

notice of the slippery condition on a stairway because of the justifiable inference that the supermarket created the dangerous condition).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION