29 A.3d 1112

SUSAN D'ALESSANDRO, PLAINTIFF–APPELLANT, v. NORMAN & JUDITH HARTZEL, HUSBAND AND WIFE, DEFENDANTS–RESPONDENTS, AND BERGER REALTY AND DOUGHERTY & JOHNSON BUILDERS, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted September 26, 2011—Decided October 27, 2011.

576

Before Judges PARRILLO, ALVAREZ and SKILLMAN.

*Louis N. Caggiano, Jr.*, attorney for appellant.

*Duncan, MacDonald & Herforth*, attorneys for respondents (*Cynthia P. Liebling*, of counsel and on the brief).

The opinion of the court was delivered by

PARRILLO, P.J.A.D.

Plaintiff Susan D'Alessandro appeals from the summary judgment dismissal of her negligence action against defendants Norman and Judith Hartzel. We affirm.

The facts are in all material respects undisputed. This matter arises out of a one-week rental of defendants' vacation condomini-

um at the Jersey Shore. Prior to walking through the front door at the start of her vacation on June 17, 2006, plaintiff never visited the condominium, but had viewed its layout in on-line pictures about four or five months before. On arrival, plaintiff was dragging a suitcase on wheels with her right hand. As she crossed the threshold of the front door, she had to prop open the inward swinging-hinged door with her left hand while rolling her luggage with her right hand. Her left shoulder was therefore angled in first, and her body passed through the threshold sideways while her vision was "facing forward across" the interior of the foyer. Upon crossing the threshold, plaintiff fell on the step leading from the landing into the sunken living room and sustained injuries.

Plaintiff assumed the foyer to be flat and level when in fact the level changed within one foot of the side of the front door. She acknowledged, however, that had she walked straight in, she would have had a clear view of the landing, steps and living room. Indeed, the step carpeting was distinguishable from, and a different color than, the front tile landing. Moreover, it was a bright and sunny day and the lighting was adequate. In fact, there were no prior complaints about the entranceway or previous falls by other guests on the steps immediately adjoining the front door.

Plaintiff sued defendants [1] in negligence, alleging a design defect in the uneven floor level immediately adjoining the door, and failure of defendants to warn her of, or otherwise protect her from, the so-called dangerous condition. Defendants answered, denying liability. Following discovery, in which plaintiff offered no expert proof as to the condition of the entranceway or living room steps, defendants moved for summary judgment. After hearing argument, the judge granted defendants' motion and dismissed plaintiff's complaint, reasoning:

---

[1] Also named as party defendants in the original complaint were Berger Realty, Dougherty & Johnson Builders, John Doe, a fictitious party, and ABC Corp., a fictitious corporation. We have been advised they have been dismissed from this action.

Negligence is not presumed and the burden of proving it is on the Plaintiff. There is no proof for the jury to consider as to defective design or defective construction. In addition, the issue of negligence of the Plaintiff herself dragging a suitcase as she tried to enter the premises as she described it in her deposition is quite visual and overwhelming. No reasonable jury on these facts could find for the Plaintiff against the owner of the property absent proof of a design defect or negligent construction. There is no proof of breach of a duty.

On appeal, plaintiff argues that the motion judge erred in granting summary judgment by ignoring disputed issues of material fact and by requiring expert testimony. These issues lack merit.

To establish a prima facie case of negligence, a plaintiff must establish the following elements: (1) duty of care, (2) breach of that duty, (3) proximate cause, and (4) damages. *Conklin v. Hannoch Weisman,* 145 *N.J.* 395, 417, 678 *A.*2d 1060 (1996). The duty owed to a plaintiff is determined by the circumstance that brought him or her to the property. *Daggett v. Di Trani,* 194 *N.J.Super.* 185, 189, 476 *A.*2d 809 (App.Div.1984). Whether a defendant owes a legal duty, as well as the scope of the duty owed, are questions of law for the court to decide. *Carvalho v. Toll Bros. & Developers,* 143 *N.J.* 565, 572, 675 *A.*2d 209 (1996); *Kelly v. Gwinnell,* 96 *N.J.* 538, 552, 476 *A.*2d 1219 (1984).

Generally speaking, an invitee such as plaintiff is "one who is on the premises to confer some benefit[ ] upon the invitor other than purely social." *Filipowicz v. Diletto,* 350 *N.J.Super.* 552, 558, 796 *A.*2d 296 (App.Div.2002), *certif. denied,* 174 *N.J.* 362, 807 *A.*2d 194 (2002); *see also Berger v. Shapiro,* 30 *N.J.* 89, 96, 152 *A.*2d 20 (1959). As such, the property owner owes a duty to an invitee to provide a "reasonably safe place to do that which is within the scope of the invitation." *Butler v. Acme Markets, Inc.,* 89 *N.J.* 270, 275, 445 *A.*2d 1141 (1982). The duty includes the obligation to "use reasonable care to make the premises safe, including the duty to conduct a reasonable inspection to discover defective conditions." *Daggett, supra,* 194 *N.J.Super.* at 192, 476 *A.*2d 809; *see also Handleman v. Cox,* 39 *N.J.* 95, 111, 187 *A.*2d 708 (1963).

 Foreseeability of harm is " 'a crucial element in determining whether imposition of a duty on an alleged tortfeasor is appropriate.' " *Carvalho, supra,* 143 *N.J.* at 572–73, 675 *A.*2d 209 (quoting *Carter Lincoln–Mercury, Inc. v. EMAR Group, Inc.,* 135 *N.J.* 182, 194, 638 *A.*2d 1288 (1994)); *Clohesy v. Food Circus Supermarkets, Inc.,* 149 *N.J.* 496, 502–03, 694 *A.*2d 1017 (1997). Once foreseeability has been shown, the determination as to whether imposing a duty is fair " 'involves identifying, weighing, and balancing several factors—the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.' " *Carvalho, supra,* 143 *N.J.* at 573, 675 *A.*2d 209 (quoting *Hopkins v. Fox & Lazo Realtors,* 132 *N.J.* 426, 439, 625 *A.*2d 1110 (1993)). Such determination is "fact-specific." *Hopkins, supra,* 132 *N.J.* at 439, 625 *A.*2d 1110.

In *Reyes v. Egner,* 404 *N.J.Super.* 433, 962 *A.*2d 542 (App.Div. 2009), *aff'd on other grounds by an equally divided court,* 201 *N.J.* 417, 991 *A.*2d 216 (2010), we specifically addressed the duty a lessor owes a tenant in the particular context of a short-term vacation rental property. We concluded such a duty should be defined consistent with Section 358 of the *Second Restatement of Torts. Id.* at 456, 991 *A.*2d 216. That provision permits liability

> if the plaintiff demonstrates that the lessor has failed to disclose a condition "which involves unreasonable risk of physical harm to persons on the land" if "(a) the lessee does not know or have reason to know of the condition or risk involved; and (b) the lessor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to expect that the lessee will not discover the condition or realize the risk."
>
> [*Ibid.* (quoting *Restatement (Second) of Torts,* § 358 (1965)).]

 Measured against this standard, the record in this case, viewed in a light most favorable to plaintiff, *Brill v. Guardian Life Ins. Co.,* 142 *N.J.* 520, 530, 666 *A.*2d 146 (1995), does not allow a jury to reasonably find a breach of that duty. First and foremost, plaintiff has offered no proof that the condition of which she complains was dangerous or involved an unreasonable risk of physical harm to visitors. There has been no showing, for instance, that the layout of the entranceway violated requirements

or standards set forth in state statutes and regulations or in local construction codes. In this regard, mere allegations of a design flaw or construction defect, without some form of evidentiary support, will not defeat a meritorious motion for summary judgment. *N.J. Mortg. & Inv. Corp. v. Calvetti,* 68 *N.J.Super.* 18, 25, 171 *A.*2d 321 (App.Div.1961). Even then, expert testimony of deficiencies in design or construction is required because "the matter under consideration is so esoteric or specialized that jurors of common judgment and experience cannot form a valid conclusion." *Hopkins, supra,* 132 *N.J.* at 450, 625 *A.*2d 1110; *see also Butler, supra,* 89 *N.J.* at 283, 445 *A.*2d 1141; *Giantonnio v. Taccard,* 291 *N.J.Super.* 31, 43, 676 *A.*2d 1110 (App.Div.1996). Here, without any proof of a dangerous condition—expert or otherwise—the jury would have been left to speculate as to the reasonableness of the risk of physical harm to persons on defendants' premises.

Even assuming a potentially dangerous condition existed, liability is still precluded if plaintiff knew or had reason to know of the risk involved. *Reyes, supra,* 404 *N.J.Super.* at 456, 461, 962 *A.*2d 542. In *Reyes,* the tenant's elderly father, who had been vacationing at the defendants' summer rental home, was injured when he lost his balance while stepping onto an outside wooden deck which was about seven inches below the bottom of the sliding glass door. *Id.* at 440–41, 962 *A.*2d 542. The ensuing negligence action against the landlord was based, in part, on the absence of handrails attached to either the platform or deck, which were mandated by the local building code. *Id.* at 440, 962 *A.*2d 542. Nevertheless, because the plaintiff's daughter acknowledged in her deposition testimony that she was aware, at some point before her father's accident, that the deck had no such feature, we concluded that her awareness of that particular dangerous condition, as the lessee of the premises, absolves the defendants of liability for the handrail under Section 358 of the *Second Restatement. Id.* at 462, 962 *A.*2d 542.

Here, no reasonable jury could find, on the facts of the summary judgment record, that plaintiff did not know or have reason to know of the condition of the property of which she now complains. Prior to her visit, plaintiff viewed photos of the interior layout. At all times, the change in elevation from landing to living room was entirely visible and conspicuous. Indeed, plaintiff herself acknowledged that had she walked straight in, she would have had a clear view of the landing, steps and living room. Unlike *Campbell v. Hastings,* 348 *N.J.Super.* 264, 791 *A.*2d 1081 (App.Div.2002), where we held that the risk of harm to a seventy-five-year-old first-time visitor presented by an *unlit* sunken foyer should have been reasonably foreseeable under the circumstances, *id.* at 266–67, 271, 791 *A.*2d 1081, here, there was plenty of light and, other than plaintiff's own maneuvering through the doorway, dragging a suitcase on wheels behind her, there was absolutely no obstruction to plaintiff's view. And unlike *Hopkins, supra,* where plaintiff fell in a house because she was unaware that a step down was necessary due to the floors on both levels being "camouflaged," *i.e.,* covered with the same pattern vinyl, 132 *N.J.* at 432, 625 *A.*2d 1110, here the entrance and lower level were clearly distinguishable being of different materials and colors. *See also Reyes, supra,* 404 *N.J.Super.* at 437, 962 *A.*2d 542. Thus, the fact that plaintiff indisputably had reason to be aware of the visual prominence of the elevation change absolves defendants of liability for a breach of duty.

By the same token, the record also establishes that defendants had no reason to expect that plaintiff would not discover the condition, which, as noted, was obvious and in plain view. Equally significant is the absence of any proof of foreseeability of harm, namely, that defendants should have realized the risks involved. In this regard, it is undisputed that there were no prior complaints about the entranceway or change in elevation, and no previous slip and falls by other tenants or guests on the steps immediately adjoining the front door of the condominium.

Lacking any competent proof that the condition of which plaintiff complains is dangerous or involves an unreasonable risk of physical harm, and that plaintiff, in any event, had reason to know of the condition because of its visibility, a jury could not reasonably find defendants liable for breaching any legal duty owed plaintiff. Accordingly, the summary judgment dismissal of plaintiff's negligence complaint was proper.

Affirmed.