NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0563-15T2

NANETTE ROSENBAUM, HARLAN
ROSENTHAL and MARTIN ROSENBAUM,

    Plaintiffs-Appellants,

v.

HIGHLANDS CONDO ASSOCIATION,

    Defendant-Respondent.

_____

        Submitted February 28, 2017 - Decided  March 21, 2017

        Before Judges Fisher and Vernoia.

        On appeal from the Superior Court of New
        Jersey, Law Division, Bergen County, Docket
        No. L-5602-13.

        Michael W. Rosen, attorney for appellants.

        Marshall Dennehey Warner Coleman & Goggin,
        P.C., attorneys for respondent (Walter F.
        Kawalec, III, on the brief).

PER CURIAM

    Plaintiffs Nanette Rosenbaum, Harlan Rosenthal, and Martin Rosenbaum appeal the trial court's June 25, 2015 summary judgment dismissal of their premises liability claim against defendant Highlands Condo Association. Plaintiffs also appeal the court's

September 4, 2015 order denying plaintiff's motion for reconsideration. We reverse and remand, finding a genuine issue of material fact as to whether defendant's conduct breached the standard of care.

## I.

Viewed in the light most favorable to plaintiffs, <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 <u>N.J.</u> 520, 540 (1995), the facts are as follows. On November 22, 2012, plaintiff Martin Rosenbaum exited a relative's condominium unit and fell on a driveway outside the unit. The driveway was maintained by defendant. Martin's daughter plaintiff Nanette Rosenbaum came to her father's aid and also fell.

Plaintiffs filed a premises liability action against defendant alleging Martin and Nanette fell due to a "dangerous and defective condition on the premises," caused by defendant's negligent "ownership, operations management, maintenance and control of the premises."[1] Plaintiffs alleged Martin and Nanette fell due to a transitional slope between two driveways that created a substantial height differential.

After the completion of discovery, defendant moved for summary judgment arguing plaintiffs could not establish defendant

---

[1] Plaintiffs also alleged a loss of consortium claim on behalf of Nanette's spouse Harlan Rosenthal.

breached its duty to plaintiffs without expert testimony as to how the slope was dangerous or defective. The court agreed and granted summary judgment in defendant's favor, concluding plaintiffs' complaint alleged a design defect that plaintiff was required to establish with expert testimony.

Plaintiffs filed a motion for reconsideration arguing the court read the complaint too narrowly to allege only a design defect claim. Plaintiffs' counsel argued the complaint alleged a dangerous condition, the discovery showed defendant was on notice of the condition, and the court therefore erred in its initial determination that expert testimony was required. The court denied plaintiffs' reconsideration motion, finding that "an expert should be required to talk about whether or not [there was] a dangerous condition."

## II.

We review a trial court's grant of summary judgment de novo. Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 414 (2016). "[The] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. R. 4:46-2(c).

We must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, supra, 142 N.J. at 523.

To establish a prima facie case of negligence, a plaintiff must establish that "a defendant owed a duty of care, the defendant breached that duty, and injury was proximately caused by the breach." Siddons v. Cook, 382 N.J. Super. 1, 13 (App. Div. 2005). A plaintiff bears the burden to prove negligence, which is never presumed. Khan v. Singh, 200 N.J. 82, 91 (2009). "[T]he mere showing of an accident causing the injuries sued upon is not alone sufficient to authorize an inference of negligence." Vander Groef v. Great Atl. & Pac. Tea Co., 32 N.J. Super. 365, 370 (App. Div. 1954) (internal quotation marks omitted).

An owner or possessor of property has a duty to "warn a social guest of any dangerous conditions of which the owner had actual knowledge and of which the guest is unaware." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993). Thus, "[o]rdinarily an injured plaintiff asserting a breach of that duty must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused

4                                                              A-0563-15T2

the accident." <u>Nisivoccia v. Glass Gardens, Inc.</u>, 175 <u>N.J.</u> 559, 563 (2003).

Plaintiffs do not dispute that an expert would be required if they alleged a design defect. <u>See</u> <u>D'Alessandro v. Hartzel</u>, 422 <u>N.J. Super.</u> 575, 581 (App. Div. 2011) ("mere allegations of a design flaw or construction defect, without some form of evidentiary support, will not defeat a meritorious motion for summary judgment"). Rather, plaintiffs argue an expert was not required because their complaint does not allege a design defect, but instead alleges that defendant maintained a dangerous condition about which it had actual knowledge.

In the court's oral opinion on defendant's summary judgment motion, the court found, "the fact of the matter is, the plaintiff[s] allege[] a design defect." We disagree. The complaint does not expressly allege a design defect. It asserts Martin and Nanette fell because of a "dangerous and defective condition on the premises" and they were injured as a result of defendant's "ownership, management, maintenance and control of the premises." Plaintiffs' counsel argued they were required only to show a dangerous condition and notice, plaintiffs "[did not] need experts to say what's dangerous," and they were not obligated "to get into design."

A-0563-15T2

The court appears to have concluded plaintiffs alleged a defective design claim because the court determined the alleged dangerous condition existed as a result of its design. However, the fact that an alleged dangerous condition may have been constructed in accordance with its original design does not require that a plaintiff claiming a dangerous condition show that it resulted from a defective design, or that it deviated from an applicable standard of construction. See Garafola v. Rosecliff Realty Co., 24 N.J. Super. 28, 39 (App. Div. 1952) (evidence of "[c]onstruction in accordance with a standard practice or deviation therefrom" was not required to establish a foreseeable danger and was "merely one indication of absence or presence of elements tending to establish negligence").

We next consider whether plaintiffs' claim that the slope constituted a dangerous condition required the aid of expert testimony. In determining whether expert testimony is necessary, a court must consider "whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the [defendant] was reasonable." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 407 (2014) (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982)). In some cases the "jury is not competent to supply the standard by which to measure the defendant's conduct," and thus

the plaintiff must establish the defendant's standard of care and breach of that standard by presenting expert testimony. Ibid. (quoting Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1961)); see, e.g., id. at 408 (expert required to explain fire code provisions and standards); D'Alessandro, supra, 422 N.J. Super. at 582-83 (expert required to explain dangerous condition of a step down into a sunken living room near the entrance because allegations of a design flaw or construction defect are "so esoteric or specialized that jurors of common judgment and experiences cannot form a valid conclusion"); Vander Groef, supra, 32 N.J. Super. at 370 (plaintiff "failed to introduce any evidence that the construction of a platform 44 inches high without steps or a ladder was in any way a deviation from standard construction, or that it was unsafe").

Conversely, in cases in which "a layperson's common knowledge is sufficient to permit a jury to find that the duty of care has been breached," an expert is not required. Davis, supra, 219 N.J. at 408 (quoting Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996)). In other words, "some hazards are relatively commonplace and ordinary and do not require the explanation of experts in order for their danger to be understood by average persons." Hopkins, supra, 132 N.J. at 450 (expert not required to establish dangerous condition of camouflaged step);

A-0563-15T2

see also Scully v. Fitzgerald, 179 N.J. 114, 127-28 (2004) (expert not required to explain danger of throwing a lit cigarette onto a pile of papers or other flammable material); Campbell v. Hastings, 348 N.J. Super. 264, 270-71 (App. Div. 2002) (expert not required to establish danger of unlit sunken foyer); Murphy v. Trapani, 255 N.J. Super. 65, 74-75 (App. Div.) (expert not required to establish navigational hazard of a deck hung over water and close to a shared property line), certif. denied, 130 N.J. 17 (1992); Berger v. Shapiro, 30 N.J. 89, 101-02 (1959) (expert not required to explain dangerous condition caused by a missing brick in top step of porch).

Considering the evidence presented here viewed in the light most favorable to plaintiffs, a rational factfinder could determine that the slope constituted a dangerous condition without the aid of expert testimony. The photograph showed a substantial and abrupt step-down of approximately twelve inches[2] between the levels of black pavement. The slope from the higher level to the lower level is severe. There is no striping showing the end of the higher level and the beginning of the step-down to the lower level. In her deposition, Nanette testified there was a "significant

---

[2] Plaintiff's allegation the step-down is approximately twelve inches is supported by the photograph that was considered by the court.

slope" that was "unmarked in any way." The identical color of the pavement at both levels created the type of camouflaged step the Court in <u>Hopkins</u> determined a jury could find constituted a dangerous condition without the aid of expert testimony. <u>See</u> <u>Hopkins</u>, <u>supra</u>, 132 <u>N.J.</u> 450-51 (finding plaintiff's claim that two steps were dangerous because they shared the identical vinyl covering pattern thereby camouflaging the lower step did not require expert testimony).

Expert testimony that the slope deviated from standard practice or applicable building codes could support plaintiffs' claim, but such evidence was not required. <u>See</u> <u>Garafola</u>, <u>supra</u>, 24 <u>N.J. Super.</u> at 38-39 (whether the existence of a tree close to an amusement park train ride was dangerous was a factual issue for a jury and evidence of a deviation from standard practice was not required). There is nothing esoteric about understanding the danger of a height differential between two driveways that was unmarked in any way and about which defendant had been provided actual notice. Thus, we find the alleged dangerous condition "[does] not require the explanation of experts in order for [its] danger to be understood by average persons." <u>Hopkins</u>, <u>supra</u>, 132 <u>N.J.</u> at 450. Although a jury might conclude the circumstances are insufficient to establish the dangerous condition alleged in the complaint, "it is <u>their</u> decision to make, and they are fully

A-0563-15T2

capable of making that decision without the assistance of experts." <u>Id.</u> at 451.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0563-15T2