**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1748-22

HARRISON JC, LLC,

     Plaintiff-Appellant,

v.

HARRISON BRIDGE PLAZA
CONDOMINIUM ASSOCIATION,
PATRICIAN ASSOCIATES
MANAGEMENT, YING ZI ZHU,
CLAUDIA SANTOS, and
JOEL COSTAS,

     Defendants-Respondents.

_____

Submitted January 8, 2024 – Decided August 7, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0521-21.

Albert J. Cifelli, attorney for appellant.

Methfessel & Werbel, attorneys for respondents Harrison Bridge Plaza Condominium Association and Patrician Associates Management (Gina M. Stanziale, of counsel; Adam M. Schwartz, on the brief).

PER CURIAM

Plaintiff Harrison JC, LLC appeals from the January 6, 2023 order of the Law Division granting summary judgment in favor of defendants Harrison Bridge Plaza Condominium Association (HB Association) and Patrician Associates Management (Patrician) on its allegations of negligence. We affirm.

I.

Plaintiff is a limited liability company whose sole members are Pradeep Chetal and Seema Chetal. Plaintiff is the owner of Unit 302 in Harrison Bridge Plaza, a four-story condominium with commercial units on the first floor and residential units on the remaining floors. Plaintiff purchased the unit in February 2010 and has leased it to various tenants.

Unit 401, owned by defendants Claudia Santos and Joel Costas, and Unit 403, owned by defendant Ying Zi Zhu, sit above Unit 302. According to the Master Deed, unit owners' responsibilities are limited to the interior of the walls, ceilings, and floor surfaces of their units. Areas beyond these limits, such as roofs, the parking lot, and lobby, are "common elements" owned and controlled by HB Association and managed and maintained by Patrician under a contract.

Plaintiff filed a complaint in the Law Division alleging that it suffered property damage, loss of rental income, and out-of-pocket expenses when its

unit experienced water seepage and leakage from the ceiling of its unit on eleven occasions from April 30, 2014 to March 24, 2021. It is undisputed that the leaks happened and that all but the final leak were repaired. Plaintiff alleged the leaks originated in either Unit 401, Unit 403, or the common elements of the building and that: (1) HB Association was negligent in its duty to maintain and repair the common elements of the building pursuant to the New Jersey Condominium Act, N.J.S.A. 46:8B-1 to -38; (2) Patrician breached its contractual obligations to maintain and repair the common elements of the building; and (3) the defendant unit owners were negligent for creating or failing to repair the leaks in their units that damaged plaintiff's unit.

During discovery, plaintiff did not retain an expert to offer an opinion with respect to the cause or origin of any of the leaks. After the close of discovery, defendants moved for summary judgment. They argued that plaintiff could not establish liability in the absence of an expert opinion. Plaintiff opposed the motions, arguing that an expert opinion was not necessary under the doctrine of res ipsa loquitor.

On January 4, 2023, the trial court issued an oral opinion granting summary judgment to each of the defendants. The court found that, even when the facts are viewed in the light most favorable to the non-moving party, plaintiff

A-1748-22

could not establish in the absence of an expert report: (1) the cause or origin of the leaks; (2) the cause of the leaks was in the exclusive control of any of the defendants; (3) the leaks would not have occurred without negligence on the part of any of the defendants; and (4) plaintiff did not contribute to the cause of the leaks. The court, therefore, concluded that the doctrine of res ipsa loquitor did not apply to plaintiff's claims. The court noted that the jury could not be left to speculate as to the cause and origin of the leaks and whether defendants' negligence was the cause of damage to plaintiff's unit. A January 6, 2023 order memorializes the trial court's opinion. This appeal followed.

Plaintiff argues that the trial court erred by: (1) failing to take judicial notice that water flows downward and that water does not normally come through the ceiling of a residential unit unless some defect or negligence in the area above the unit caused the leak; and (2) not applying the doctrine of res ipsa loquitor to relieve plaintiff of its obligation to produce expert testimony to prove negligence on the part of HB Association and Patrician.[1]

II.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That

---

[1] Plaintiff's claims against the unit owner defendants are not before this court.

standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

To establish a prima facie case of negligence, a plaintiff must establish there was "(1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) actual damages." D'Alessandro v. Hartzel, 422 N.J. Super. 575, 579 (App. Div. 2011) (quoting Conklin v. Hannoch Weisman, PC, 145 N.J. 395, 417 (1996)). Allegations of negligence alone will not defeat a meritorious motion for summary judgment. N.J. Mortg. & Inv. Corp. v. Calvetti, 68 N.J. Super. 18,

25 (App. Div. 1961) (citing <u>Ocean Cape Hotel Corp. v. Masefield Corp.</u>, 63 N.J. Super. 369, 383 (App. Div. 1960)).

However, the doctrine of res ipsa loquitur, if properly invoked, enables a plaintiff to make out the prima facie case of negligence by allowing for the inference of negligence from undisputed facts. <u>Jerista v. Murray</u>, 185 N.J. 175, 191-92 (2005). The doctrine is applicable where "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." <u>Buckelew v. Grossbard</u>, 87 N.J. 512, 525 (1981) (quoting <u>Bornstein v. Metro. Bottling Co.</u>, 26 N.J. 263, 269 (1958)). However, the doctrine is not applicable "where the injured party fails to exclude other possible causes of the injury." <u>Hillas v. Westinghouse Elec. Corp.</u>, 120 <u>N.J. Super.</u> 105, 114 (App. Div. 1972) (citing <u>Jakubowski v. Minn. Mining and Mfg.</u>, 42 N.J. 177, 183 (1964)).

The first element of the doctrine is satisfied if plaintiff establishes "that it is more probable than not that the defendant's negligence was a proximate cause of the mishap." <u>Jerista</u>, 185 N.J. at 192 (quoting <u>Brown v. Racquet Club of Bricktown</u>, 95 N.J. 280, 291-92 (1984)). If the cause of the mishap in question is not common knowledge to laymen but is generally known among certain

6

professions, expert testimony "may afford a sufficient basis for application of the doctrine of res ipsa loquitur." Buckelew, 87 N.J. at 527. However, a factfinder should not be made to "speculate without the aid" of a qualified expert's testimony. Torres v. Schripps, Inc., 342 N.J. Super. 419, 430 (App. Div. 2001). See also Kelly v. Berlin, 300 N.J. Super. 256, 269 (App. Div. 1997) (res ipsa loquitur did not apply because plaintiff did not offer an expert to opine on presence of negligence); Posta v. Chung-Loy, 306 N.J. Super. 182, 200 (App. Div. 1997) (refusing to apply res ipsa loquitur where plaintiff failed to produce evidence, expert or otherwise, excluding other possible causes of injury).

We agree with the trial court's conclusion that it is not within the common knowledge of the average juror that the acts of HB Association and Patrician, as the entities with control of the common elements of the building, were more likely than not the cause of the leakage in plaintiff's unit. In the absence of expert testimony opining as to the origin and cause of the leaks, jurors would be left to speculate as to whether HB Association and Patrician's conduct negligently caused damage to plaintiff's property. The design and maintenance of a four-story mixed-use condominium and the origin and cause of leaks in such a building are not matters within the ken of the average juror. See Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 408 (2014).

We also agree with the trial court's conclusion that plaintiff did not establish the second element of the doctrine. Plaintiff produced evidence only of the location of the leaks in its unit. It did not produce evidence of the origin of the leaks, which could have derived from common areas, the units above plaintiff's unit, or from plaintiff's unit as the result of acts by plaintiff's tenants. In the absence of expert testimony with respect to the origin of the leaks, plaintiff could not prove that the leaks originated in an area within the exclusive control of HB Association or Patrician.

For the same reasons, we agree with the trial court's conclusion that plaintiff failed to establish the third element of the doctrine. Apart from counsel's representation that plaintiff's negligence did not cause the leaks, the record contains no expert opinion identifying the cause and origin of the leaks. The jury could not, therefore, exclude plaintiff or its tenants as the negligent actors without engaging in speculation.

To the extent we have not specifically addressed any of plaintiff's remaining contentions, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1748-22