**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1616-23

WATCHUNG HILL
INVESTMENTS, LLC,

      Plaintiff-Appellant,

v.

NEW JERSEY AMERICAN
WATER, AMERICAN WATER
RESOURCES, ULTIMATE
DRAIN CLEANING &
SERVICE, and PREFERRED
MUTUAL INSURANCE
COMPANY,

      Defendants-Respondents.

_____

Argued October 1, 2024 – Decided December 12, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0114-22.

Paul R. Sheehan argued the cause for appellant (Hill Wallack, LLP, attorneys; Paul R. Sheehan, on the briefs).

Gina M. Stanziale argued the cause for respondent Ultimate Drain Cleaning & Service (Methfessel & Werbel, attorneys; Gina M. Stanziale, on the brief).

Michael Della Rovere argued the cause for respondents New Jersey American Water and American Water Resources (O'Toole, Couch & Della Rovere, LLC, attorneys; Michael Della Rovere, on the brief).

PER CURIAM

Plaintiff Watching Hills Investment, LLC appeals from the Law Division's January 3, 2024 order granting summary judgment to defendants New Jersey American Water (NJ American Water) and American Water Resources (AWR) (collectively defendants), and dismissing plaintiff's complaint. We affirm.

I.

We glean the facts from the summary judgment record, viewing the facts in the light most favorable to plaintiff as the non-moving party. Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023). Plaintiff is the owner of a commercial office building (Property) located at 776 Mountain Boulevard in Watchung. In February 2020, NJ American Water, the water utility company, updated the water meter for the main water line with galvanized steel pipe and copper located in the basement of the Property.

In August 2021, plaintiff filed a claim with NJ American Water stating the water line entering the building developed corrosion after the water line

2

update was performed. At that time, a leak was observed on the building exterior but there was no water leak or water infiltration inside the Property.

Plaintiff had a water line protection plan with AWR that provided coverage for repairs of the water line. NJ American Water hired Ultimate Drain Cleaning & Service (Ultimate Drain) to investigate plaintiff's claim concerning the corroded pipe. During Ultimate Drain's inspection, a leak was detected in the water line five feet from the exterior of the foundation.

On September 7, 2021, Ultimate Drain began to repair the exterior leak by shutting off the water and excavating a four-foot section between the building and the parking lot curb to replace the affected portion of the water line. After the repair began, however, Ultimate Drain discovered it did not have the correct fitting to replace the pipe and halted the work.

Ultimate Drain returned the following day, exposed the leak, cut out the section of the existing exterior galvanized pipe and replaced it with a "two-inch poly" pipe, and backfilled the hole. When Ultimate Drain turned the water back on, the pipe "immediately" burst. Ultimate Drain then turned the water back off while it completed the repair. At approximately 7:00 p.m., Ultimate Drain notified plaintiff the repair was completed, and the water was back on.

The next morning, September 9, plaintiff's tenant discovered over a foot of water in the basement. Plaintiff notified Ultimate Drain regarding the flooded

3

basement and Ultimate Drain returned to perform additional repairs. After Ultimate Drain turned the water off, it discovered a second leak originated from another section of galvanized piping on the same water line. That affected section of galvanized pipe was also replaced with a two-inch poly pipe.

Plaintiff filed a complaint alleging that it suffered "extensive" property damage because of the negligent water line repair and replacement. Plaintiff alleges that the flooded basement originated because (1) NJ American Water used corrosive materials to update the water line and (2) Ultimate Drain failed to repair and replace the water line pipe related to the first leak that caused the second leak.

Following the close of discovery, Ultimate Drain move for summary judgment, which was granted on June 1, 2023.

Thereafter, NJ American Water and AWR moved for summary judgment arguing plaintiff was unable to establish a theory of negligence. Defendants relied on the deposition testimony of Ultimate Drain's Chief Operating Officer Daryl Adams that the first leak was repaired and "twelve to eighteen hours later," the second leak occurred. Adams testified the two leaks were not related because the second leak was three to five feet away from the first leak. Defendants also highlighted the deposition testimony of plaintiff's Operation Manager Rehan Murad that Ultimate Drain repaired the leak on September 9.

4

Additionally, defendants argued plaintiff had not retained an expert to opine regarding the causation of the second leak.

In opposing defendants' motion, plaintiff argued there was only one repair to be made; and the repair was related to plaintiff's claim about the corroded pipe. Plaintiff further argued the issue of the pipe's developing corrosion should be presented to a jury "to view the evidence and determine whether there was a second pipe break and leakage" or determine if that theory was "impossible." Plaintiff also contended that no expert testimony was required because a jury could use their common judgment and experience to determine the cause of the leak.

Following oral argument, the trial court granted defendants' motion dismissing plaintiff's complaint with prejudice. In a statement of reasons, the court reasoned plaintiff could not establish the essential elements of the negligence claim without expert testimony regarding causation. The court explained "the cause of the leak and water infiltration at [p]laintiff's property is beyond the 'knowledge or experience' of the average juror, and therefore requires the specialized knowledge of an expert to prove." The court further ruled: "Although [p]laintiff suggests that [d]efendants used corrosive materials when updating [p]plaintiff's water meters, there is no competent proof that [d]efendants' actions caused [p]laintiff's damages. Rather, without expert

testimony, the jury would be left to speculate as to the cause of the leak and water damage." This appeal followed.

## II.

On appeal, plaintiff presents two arguments. First, it argues the trial court erred in granting summary judgment because there are genuine issues of material fact regarding the repair and replacement of the corroded pipe, which precluded summary judgment. Second, plaintiff asserts the facts relied upon to prove negligence are not beyond the ken of the average layperson. In that regard, plaintiff asserts the jury can understand the concepts in this case using common judgment and experience; and expert testimony was not needed. The governing law and record do not support either of those arguments, therefore, we reject them.

We review a grant or denial of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-

2(c)).  "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  We do not defer to the trial court's legal analysis.  RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

To establish a prima facie case of negligence, a plaintiff must establish there was "(1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) actual damages."  D'Alessandro v. Hartzel, 422 N.J. Super. 575, 579 (App. Div. 2011) (quoting Conklin v. Hannoch Weisman, PC, 145 N.J. 395, 417 (1996)).  Allegations of negligence alone will not defeat a meritorious motion for summary judgment.  N.J. Mortg. & Inv. Corp. v. Calvetti, 68 N.J. Super. 18, 25 (App. Div. 1961) (citing Ocean Cape Hotel Corp. v. Masefield Corp., 63 N.J. Super. 369, 383 (App. Div. 1960)).  This includes the element of proximate cause.  Plaintiff must prove any property damages it sustained were proximately caused by the leaks from the water line.

Having reviewed the record, the factual issues presented here are beyond the ken of an average juror.  See 2175 Lemoine Ave. Corp. v. Finco, Inc., 272 N.J. Super. 478, 490 (App. Div. 1994) (holding that expert testimony is

necessary where proximate causation cannot be established through common knowledge). Therefore, plaintiff was required to obtain an expert to opine whether (1) the corrosive materials used in the repair and replacement of the water line caused the leak, (2) the leaks originated from the same location, and (3) the repair and replacement of the water line was faulty. Without an expert report, plaintiff could not sustain its property damage claims related to the leaks.

In the absence of expert testimony opining as to the origin and cause of the leaks or whether the two leaks were related, jurors would be left to speculate as to whether defendants conduct negligently caused damage to plaintiff's Property. The use of materials used to repair and replace the water line, as well as the cause of the second leak, are not matters within the ken of the average juror. See Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 408 (2014).

Plaintiff produced evidence only of the location of the leaks on the Property's exterior. It did not produce evidence of the cause of the leaks. Nevertheless, the record contains no expert opinion identifying the cause and origin of the leaks related to the replacement of sections of the water line. Thus, plaintiff's argument lacks merit and the jury could only speculate as to the cause of the leaks and the repairs performed.

To the extent we have not specifically addressed any of plaintiff's remaining contentions, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION