**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1430-24

RELL CONCRETE CORP.,

    Plaintiff-Respondent,

v.

NATIONAL WINTER ACTIVITY
CENTER, d/b/a WINTER4KIDS,

    Defendant-Appellant.

_____

NATIONAL WINTER ACTIVITY
CENTER, d/b/a WINTER4KIDS,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

KENT EXCAVATING AND
BUILDING LLC, AQM
ANALYTICAL QUALITY AND
MONITORING SERVICES, INC.,
CONKLIN ELECTRIC &
CONSTRUCTION, LLC, XCEL
PLUMBING & HEATING, INC.,
and WILSON MANAGEMENT
SERVICES,

Third-Party Defendants-
Respondents.

_____

Argued March 4, 2026 – Decided June 16, 2026

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law
Division, Bergen County, Docket No. L-2913-22.

Cara A. Parmigiani argued the cause for appellant.

Jay B. Leighton argued the cause for respondent Rell
Concrete Corp. (Leighton Law Group, LLC, attorneys;
Jay B. Leighton, of counsel and on the brief).

Kevin J. Conyngham argued the cause for respondent
Conklin Electric, Inc. (Harwood Lloyd, LLP, attorneys;
Kevin J. Conyngham, on the brief).

Randall S. Bruckman argued the cause for respondent
Xcel Plumbing & Heating, Inc. (Gold Albanese
Barletti, LLC, attorneys; Randall S. Bruckman, on the
brief).

Bryce W. Newell argued the cause for respondent
Wilson Management Services (Freeman Mathis &
Gary, LLP, attorneys; Paul Piantino III and Bryce W.
Newell, on the brief).

PER CURIAM

This matter arises out of the construction of a 24,000 square foot addition

to a ski lodge at defendant National Winter Activity Center in Vernon. Despite

several extensions of the discovery end date (DED), defendant only filed an

expert report after the expiration of the DED. Thereafter, several parties moved to bar the expert report and for summary judgment. The court granted the motions, ultimately dismissing the counterclaims, and third-party complaints. On appeal, defendant contends the trial court erred in granting the motions for summary judgment because it did not require expert testimony to prove its claims of defective construction as they are within the common knowledge of an average juror. We disagree and affirm.

Plaintiff contracted with defendant to provide the substantial concrete work for the construction project. The initial cost of the contract work was approximately $1.7 million, which increased after seven change orders. Plaintiff instituted suit in May 2022 against defendant for its unpaid bill of $171,626 for its labor and materials. Defendant counterclaimed and brought third party complaints against various subcontractors.

On January 23, 2024, the trial court granted an extension of the DED to July 1, 2024. The order stated "the [c]ourt recogniz[ed] that this matter has already been afforded over 600 days of discovery." Ultimately, the parties had 760 days of discovery.

In May 2024, plaintiff moved for summary judgment as to its complaint and the counterclaims. Defendant cross-moved for summary judgment.

A-1430-24

On July 2, 2024, after the expiration of the DED, defendant served an expert report from Jason Randle, PE. Third-party defendants Wilson Management Services (WMS), Xcel Plumbing & Heating, Inc. (Xcel), and Conklin Electric & Construction, LLC (Conklin) each moved to bar the expert report as untimely under Rule 4:17-7.

On August 2, 2024, the court granted WMS and Xcel's motions, stating in its oral decision:

> I do not find any good cause to extend discovery at this point or exceptional circumstances or whatever standard would possibly apply. There's been no reasoning, rationale for the [c]ourt to understand why [defendant] did not comply with the [c]ourt's prior order, which was very specific as to when expert reports were due, and why there's been no compliance to . . . [Rule] 4-17, and I'm granting both of the motions. The report is barred.

The court subsequently granted Conklin's motion. Thereafter, third-party defendants moved for summary judgment, which the court granted.

As to plaintiff's and defendant's cross-motions for summary judgment, the court granted summary judgment in favor of plaintiff only as to defendant's counterclaims for common law fraud and violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -227. The court denied the remainder of those parties' motions.

A-1430-24

In December 2024, plaintiff moved for partial reconsideration under Rule 4:42-2 of the trial court's order, which denied summary judgment as to defendant's counterclaims for breach of contract, and unjust enrichment. On January 9, 2025, the court granted plaintiff's motions for reconsideration and for summary judgment and dismissed all the remaining counterclaims. In its written statement of reasons, the court stated:

> [U]pon further development of the record here, [the court] finds that expert testimony is required to address the remaining counterclaims asserted by [defendant]. As reasoned by this court in the December 16, 2024 order which address[ed] identical claims of [defendant] as applied to certain third-party defendants, expert testimony is required to establish what work was performed improperly and not in accordance with applicable standards. The claims alleged in the remaining counterclaims asserted against [p]laintiff require expert testimony to establish a proper factual basis and methodology. See e.g. Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996).
>
> . . . .
>
> The court now, upon reconsideration of the August 19, 2024 order, finds that expert testimony is necessary here to ensure that the factfinder understands the industry standards at issue, [and] any alleged deviations by [p]laintiff. The court recognizes that it failed to properly address this issue under [p]laintiff's prior motion for summary judgment.
>
> As previously noted, the court barred [defendant's] attempt to name an expert and serve an

A-1430-24

expert report in this matter. See orders of the court dated August 2, 2024 and August 19, 2024. All of the claims asserted under [defendant's] remaining counterclaim are ultimately based upon allegations of improper work or performance. Based upon the record presented, and reconsideration of [p]laintiff's prior motion/order of the court, the allegations asserted in the counterclaim require interpretation of plans, specification and construction/industry standards which are beyond the common knowledge of an average juror and, as a result, require expert testimony. The record clearly reveals that [defendant] has no such expert to testify and cannot, under the circumstances now presented, satisfy its burden of proof as to remaining allegations of the counterclaim. The court now finds that summary judgment should be granted to [p]laintiff as to all of [defendant's] remaining counterclaims including breach of contract and unjust enrichment.

On appeal, defendant asserts the court erred in granting summary judgment to plaintiff and the third-party defendants because it did not require expert testimony to support its causes of action. Defendant contends the court should have applied the doctrine of res ipsa loquitor because the defective construction done by the parties was obvious and a factfinder could use its common sense to find the work was not done properly.

Our review of the trial court's grant or denial of a motion for summary judgment is de novo. We apply the same standard used by the trial court, Samolyk v. Berthe, 251 N.J. 73, 78 (2022), considering "whether the competent

6

evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

We review a trial court's decision to grant or deny a motion for reconsideration under an abuse of discretion standard. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Based on our review of the record and applicable law, we deem defendant's arguments without merit and affirm substantially for the reasons set forth in the trial court's written opinion of January 9, 2025. R. 2:11-3(e)(1)(E).

We add only the following comments. Defendant required expert testimony to substantiate its claims against plaintiff and third-party defendants in this complex commercial construction matter. The case involved issues and claims beyond the common knowledge of the average juror, necessitating the guidance of expert testimony and opinion as to liability and damages. See

A-1430-24

D'Alessandro v. Hartzel, 422 N.J. Super. 575, 582-83 (App. Div. 2011) (stating "expert testimony of deficiencies in design or construction is required because 'the matter under consideration is so esoteric or specialized that jurors of common judgment and experience cannot form a valid conclusion.'") (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 450 (1993)).

Furthermore, res ipsa loquitor is not applicable in a breach of contract case. See Brown v. Racquet Club of Bricktown, 95 N.J. 280, 288 (1984) ("Res Ipsa loquitur, a Latin phrase meaning 'the thing speaks for itself,' is a rule that governs the availability and adequacy of evidence of negligence in special circumstances." (Emphasis added)). Nonetheless, even if defendant contends that its third-party complaints allege actions of negligence, it has not met its burden to satisfy any of the elements of res isa loquitor.

The trial court properly reconsidered its initial interlocutory order under Rule 4:42-2 and granted summary judgment to plaintiff and third-party defendants, dismissing the complaints and defendant's counterclaims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hanley

Clerk of the Appellate Division

A-1430-24