701 A.2d 475

SHEILA O'SHEA, PLAINTIFF–APPELLANT, v. K. MART CORPORATION, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 30, 1997—Decided October 21, 1997.

Before Judges PRESSLER, CONLEY and CARCHMAN.

*Galantucci & Patuto*, attorneys for appellant (*Craig C. Swenson* on the brief).

*Hack, Piro, O'Day, Merklinger, Wallace & McKenna*, attorneys for respondent (*Patrick M. Sages* on the brief).

CARCHMAN, J.S.C. (Temporarily Assigned).

Plaintiff Sheila O'Shea appeals from an order of the Law Division granting summary judgment to defendant K. Mart Corporation [1] and dismissing plaintiff's complaint. We conclude that plaintiff has raised genuine issues of material fact, and accordingly, we reverse and remand for trial.

While the inferences to be drawn from the facts are contested, the essential facts are not in dispute. Plaintiff was shopping in defendant's store seeking to buy a golf bag for her niece. She approached the golf bag display which was located on a shelf that was approximately five feet high. With two hands, she reached for a golf bag, and as she lowered the bag, a second golf bag fell on her causing a significant facial injury. Plaintiff is five feet-three inches tall and noted that the shelf was at "eye-level." This shelf was the top shelf of a display which contained other shelves and displays of golf accessories below the golf bags. Plaintiff

---

[1] Defendant is referred to in the various pleadings as K. Mart (complaint), Kmart (answer), and K–Mart (appellant's brief). For purposes of this opinion, we utilize the designation in the original complaint.

described the bag as "heavy" and "cumbersome" with a "thick plastic top" requiring two hands for removal. Plaintiff did not know what caused the second bag to fall except to note that on the entire bag display which ran approximately twenty-two feet in length, none of the bags was secured. Plaintiff also observed that during the fifteen minute period that she was in the display area, no sales or other personnel assisted her.

The trial judge granted summary judgment stating:

I feel I don't have much choice but to grant the Summary Judgment. There—there isn't any indication as to how this accident happened. There isn't any indication as to what caused the accident. There is nothing to say that one bag was leaning or not leaning or anything else like that.... [T]o allow the case to go forward is to suggest that anybody who puts something on a shelf in a store is negligent per se.... I think you have to show me something, not just the mere display of merchandise, that leads me to conclude that there's the potential for negligence. In this case, all you have shown me is that the merchandise is displayed.... You can't even prove how it happened.

We disagree and are of the view that plaintiff demonstrated sufficient facts to establish a jury issue and warrant a denial of the motion.

We start our analysis by restating the basic legal principle applicable here—defendant owed to plaintiff as a business invitee the duty of reasonable care to provide a reasonably safe place to do that which was within the scope of the invitation. *Hopkins v. Fox & Lazo Realtors,* 132 *N.J.* 426, 433, 625 *A.*2d 1110 (1993) ("an owner or possessor of property owes a higher degree of care to the business invitee on the premises for purposes of the owner that are commercial or business related"); *Butler v. Acme Markets, Inc.,* 89 *N.J.* 270, 275–76, 445 *A.*2d 1141 (1982) ("[t]he measure of that care has been described as 'due care under all of the circumstances.' *Bozza v. Vornado, Inc.,* 42 *N.J.* 355, 359, 200 *A.*2d 777 (1964); 2 *Harper & James, Law of Torts* (1956) § 27.12 at 1487."). This duty is an affirmative one obligating a proprietor to not only discover and eliminate any possible dangerous conditions or circumstances, *Brown v. Racquet Club of Bricktown,* 95 *N.J.* 280, 290, 291, 471 *A.*2d 25 (1984), but also to keep the premises reasonably safe and not create any condition which

renders the premises dangerous. *Bozza v. Vornado, supra* 42 *N.J.* at 359–60, 200 *A.*2d 777 (jury may consider the condition of the premises and nature of the business in determining whether a defendant exercised due care.).

The absence of sales personnel leads to the inference that defendant is a self-service store. As such, defendant is obligated to maintain such an enterprise consistent with the nature of its operation. The standard applicable to a self-service store is articulated in our decision in *Francois v. American Stores Co.*, 46 *N.J.Super.* 394, 134 *A.*2d 799 (App.Div.1957):

> We think we may take notice that in self-service stores, such as the one here, the customer is expected and indeed invited to handle and examine articles of merchandise displayed or stacked in the store, to remove them from where they stand and, if he decides not to make the purchase, then to put them back. The defendant, having established a business of this nature, is under a duty to take reasonable measures to guard against injuries to customers due to such fallings of stacked merchandise as may result from these actions of other customers. If customers are generally careless in pulling out articles from the stack and in reinserting them, the duty on the part of the defendant to take precautions to meet the situation is correspondingly heavier. Its duty to take corrective measures may be heavier also during the times of the day when the crowd is greater.
>
> [*Id.* at 398, 134 *A.*2d 799.]

While *Francois* involved *res ipsa loquitur* as a theory of recovery, a theory neither suggested nor argued here, the duty and standard remain the same.

In response to the motion for summary judgment, defendant produced an affidavit from Fred Privara, a manager for defendant, who offered that "routine periodic inspections" are made during business hours and on the date in question, there was no notice of any problem with the golf display. Defendant's focus is too narrow. The issue is not simply one of notice; the issue concerns a condition created by the proprietor for which notice is not required. *See Smith v. First National Stores*, 94 *N.J.Super.* 462, 466, 228 *A.*2d 874 (App.Div.1967) ("Notice, either actual or constructive, is not required where a defendant ... *creates* a dangerous condition.").

■ We conclude that the facts before the motion judge raised legitimate inferences that the height of the display combined with the nature of the product being displayed and sold breached defendant's duty to plaintiff to keep the premises reasonably safe. The facts before the motion judge established that the "heavy" and "cumbersome" golf bags were stacked, in the case of plaintiff, at eye level. To move or remove a bag required a two-handed effort. The trier of fact could conclude, without more, that these circumstances warrant a finding of liability. Consumers need not be weight-lifters nor jugglers to secure products they wish to buy. Common knowledge and common sense provide a sufficient basis for concluding that the circumstances and conditions presented here, at a minimum, create an inference establishing a dangerous condition sufficient to defeat a motion for summary judgment.[2]

Other jurisdictions have adopted a similar view. In *Dougherty v. Great Atlantic and Pacific Tea Co.*, 221 *Pa.Super.* 221, 289 *A.*2d 747 (1972), plaintiff, a five feet tall consumer, was injured when a jar of olives fell on her. The court upheld a verdict in her favor and noted:

---

[2] In response to the motion for summary judgment, plaintiff did not produce an expert's report, and we surmise from the record that no expert was retained. We are satisfied that the issue before us, allowing to plaintiff all favorable inferences, can be resolved on the basis that common knowledge based on human experience is sufficient to defeat the motion for summary judgment. We do not comment, however, on the advisability of an expert or the sufficiency or quality of proofs necessary to convince the trier of fact at trial. *See generally* N.J.R.E. 702; *See also Crawn v. Campo*, 136 *N.J.* 494, 508–09, 643 *A.*2d 600 (1994) ("[w]ith few exceptions, 'there is no general rule or policy *requiring* expert testimony as to the standard of care.... The test of need of expert testimony is whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the party was reasonable.' *Butler v. Acme Markets, Inc.*, 89 *N.J.* 270, 283, 445 *A.*2d 1141 (1982)."); *Hopkins v. Fox & Lazo Realtors, supra,* 132 *N.J.* at 450, 625 *A.*2d 1110; *Eyrich v. Earl,* 203 *N.J.Super.* 144, 146–47, 495 *A.*2d 1375 (App.Div.1985) (no expert was necessary regarding the danger of the display of a wild leopard.)

> It is within the ambit of reasonableness for a jury to conclude that the stacking of food items to be selected by customers on high shelving, not readily reachable or viewable by employees or by customers, is subjecting customers to an unwarranted risk. The very reason for the need to exercise due care in stacking is that the initial or subsequent disarray may cause an item to fall. It is within the province of the jury to find that it is reasonably foreseeable that the use of high shelving can be a contributing factor in causing disarray and the fall of items from that high shelf.

*Id.* [289 *A.*2d] at 748–49.

*See also Repecki v. Home Depot USA,* 942 *F.Supp.* 126 (E.D.N.Y. 1996) upholding a verdict of liability where the manner in which lumber was stacked in vertical bins three-and-one-half feet from the ground created a dangerous condition subjecting defendant to liability even in the absence of an expert.

We take judicial notice of the increasing proliferation of self-service retail stores and shopping, including shopping in bulk where items are sold in multiple quantities rather than by the jar or box. *N.J.R.E.* 201(B)(1). Utilization of vertical shelf space—high or low—becomes a matter of economic concern for the retailer. Presumably, less consumable items, such as golf bags will be placed on higher, less accessible shelves while the more consumable accessory items, such as golf balls, golf gloves, tees and other similar product lines will be shelved so as to increase accessibility to the consumer. These economic considerations, however, cannot supplant the bedrock safety obligations and duties of a retail proprietor to a customer. Decisions as to product placement must remain consistent with consumer safety.

We conclude that "[t]he competent evidential materials presented, when viewed in the light most favorable to the non-moving party, [were] sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party. . . ." *Brill v. Guardian Life Ins. Co.,* 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995).

Accordingly, we reverse and remand for trial.