**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0850-24

TRACY M. GIANNETTINO,

    Plaintiff-Appellant,

v.

iPLAY AMERICA, LLC,

    Defendant-Respondent.

_____

Argued October 9, 2025 – Decided October 31, 2025

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3267-24.

Fredrick L. Rubenstein argued the cause for appellant (Law Office of Shah & Rubenstein, LLC, attorneys; Fredrick L. Rubenstein, on the brief).

Michael S. Schwartz argued the cause for respondent (Kirmser, Cunningham & Skinner, attorneys; Michael S. Schwartz, of counsel and on the brief).

PER CURIAM

Plaintiff Tracy M. Giannettino appeals from the trial court's October 11, 2024 order granting defendant iPlay America, LLC's motion to dismiss her complaint with prejudice for failing to state a claim upon which relief can be granted under Rule 4:6-2(e). We affirm.

I.

We assume for the purpose of this appeal the allegations in plaintiff's complaint are true and afford her all reasonable inferences. See Sparroween, LLC v. Twp. of W. Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017). Plaintiff alleges she and her two children attended a birthday party at defendant's amusement park on October 9, 2022. Earlier in the day, plaintiff rode defendant's IPA Speedway Go-Kart ride several times. However, the last time plaintiff attempted to access the ride that day, she was denied access to it by one of defendant's employees because the employee incorrectly believed she did not meet the ride's minimum height requirement. While the employee and a manager were speaking with plaintiff, children waiting in line behind her became upset and began to shout at her because of the delay, calling her a "white bitch" and yelling that defendant should not let "Kar[e]n"[1] (referring to plaintiff)

---

[1] We note Merriam-Webster defines a "Karen" as "a slang term used to disparage a stereotypically middle-class, middle-aged white woman who

A-0850-24

on the ride.  After being informed she could not use the go-karts, plaintiff had to walk back through the line, past the children who were yelling at her.  This caused her to feel "terribly embarrassed and humiliated."  Plaintiff asserts defendant "did nothing to prevent or attempt to eliminate these discriminatory comments from occurring."

Thereafter, plaintiff filed a complaint alleging defendant breached its duty by wrongfully denying her access to the go-kart ride after misjudging her height.  She further alleged defendant breached its duty by failing to prevent other patrons at the park from calling her derogatory names.[2]  Defendant moved under Rule 4:6-2(e) to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted.  Plaintiff opposed defendant's motion.

Following oral argument on October 11, 2024, the court concluded defendant did not breach any duty owed to plaintiff that could rise to the level

---

rebukes or reports others in angry, sometimes racist public displays," or, more generally, as "an insult for anyone, though still typically a woman, who shows entitled behavior, especially in the form of outspoken complaints or intrusive criticism.  Depending on context, it may be considered sexist." Karen (slang), Merriam-Webster, https://www.merriam-webster.com/slang/karen (last visited Oct. 20, 2025).

[2]  Plaintiff also asserted defendant violated the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, which is not at issue on this appeal.

A-0850-24

to support a negligence claim.  It reasoned defendant "complied with its duty to provide invitees with a safe premises" by "preventing guests from going on rides [when it] seemed . . . [a] guest did not meet a height requirement" even if defendant's employee was mistaken.

Additionally, the court found plaintiff's negligent infliction of emotional distress (NIED) claim failed because defendant did not have control over the children standing in line who allegedly embarrassed her.  It reasoned there was "no suggestion . . . [plaintiff] was in fear of any personal injury [due to] any action taken by [defendant]," and the children were "separate independent guests who ha[d] their own independent right to express their opinions, however wrong[] or improper."  Accordingly, the court rendered an oral decision and accompanying order granting defendant's motion and dismissing the case with prejudice.

## II.

Plaintiff argues, in a single point on appeal, the trial court erred in granting defendant's motion to dismiss her negligence and NIED claims.

We review de novo a trial court's decision on a motion to dismiss a complaint under Rule 4:6-2(e) for failure to state a claim upon which relief can be granted.  Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021).

4

A-0850-24

"When reviewing a motion to dismiss under Rule 4:6-2(e), we assume that the allegations in the pleadings are true and afford the pleader all reasonable inferences." Sparroween, 452 N.J. Super. at 339. "The essential test is 'whether a cause of action is "suggested" by the facts.'" Sashihara v. Nobel Learning Cmtys., Inc., 461 N.J. Super. 195, 200 (App. Div. 2019) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). Thus, a motion to dismiss a complaint under Rule 4:6-2(e) "must be based on the pleadings themselves." Roa v. Roa, 200 N.J. 555, 562 (2010).

Nonetheless, "a dismissal is mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted." Rieder v. N.J. Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987). "[P]leadings reciting mere conclusions without facts and reliance on subsequent discovery do not justify a lawsuit." Glass v. Suburban Restoration Co., 317 N.J. Super. 574, 582 (App. Div. 1998). As such, "[c]omplaints cannot survive a motion to dismiss where the claims are conclusory or vague and unsupported by particular overt acts." Delbridge v. Off. of Pub. Def., 238 N.J. Super. 288, 314 (Law Div. 1989).

The primary issues on appeal are whether defendant, an amusement park, owed plaintiff a duty to allow her on a ride when there was a question about

5

whether she met the ride's height requirement, and whether it had a duty to control the verbal insults directed toward plaintiff by the children waiting in line for the ride. Based on our review of the record and the applicable legal principles, we conclude plaintiff failed to establish defendant owed her such duties.

"To sustain a cause of action for negligence, a plaintiff must establish four elements: (1) a duty of care[;] (2) a breach of that duty[;] (3) proximate cause[;] and (4) actual damages." Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)) (internal quotation marks omitted). Plaintiff must do so "by some competent proof." Ibid. (quoting Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014)). "[T]he mere happening of an accident" does not raise a presumption of negligence. Allendorf v. Kaiserman Enters., 266 N.J. Super. 662, 670 (App. Div. 1993).

For NIED, a plaintiff must show: "([1]) defendant owed a duty of reasonable care to plaintiff; ([2]) defendant breached that duty; ([3]) plaintiff suffered severe emotional distress; and ([4]) defendant's breach of duty was the proximate cause of the injury." Dello Russo v. Nagel, 358 N.J. Super. 254, 269 (App. Div. 2003). "Whether the defendant has a duty of care to the plaintiff depends on whether it was foreseeable that the plaintiff would be seriously,

mentally distressed." Id. at 269-70. Complaints of "nothing more than aggravation, embarrassment, an unspecified number of headaches, [or] loss of sleep" do not constitute "severe emotional distress" sufficient to impose liability. Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355, 368-69 (1988).

Thus, regardless of whether plaintiff alleges negligence or NIED, "[a] prerequisite to recovery . . . is a duty owed by defendant to plaintiff." Strachan v. John F. Kennedy Mem'l Hosp., 109 N.J. 523, 529 (1988). Whether a defendant owes a legal duty is a question of law subject to our de novo review. See Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 502 (1997) (citing Carvalho v. Toll Bros. & Devs., 143 N.J. 565, 572 (1996)). In undertaking this analysis, foreseeability of the risk of injury is a major consideration in deciding whether a duty of reasonable care exists under "general negligence principles." Alloway v. Bradlees, Inc., 157 N.J. 221, 230 (1999) (citing Carey v. Lovett, 132 N.J. 44, 57 (1993); Weinberg v. Dinger, 106 N.J. 469, 485 (1987)). In addition, we consider "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993). A court's analysis of whether to impose "a duty of reasonable care is 'both fact-specific and principled,' and must satisfy 'an abiding sense of basic fairness under all of

A-0850-24

the circumstances in light of considerations of public policy.'" Alloway, 157 N.J. at 230 (quoting Hopkins, 132 N.J. at 439) (citing Clohesy, 149 N.J. at 502).

"As a general principle the proprietor of an amusement park is not an insurer of the safety of patrons and is not bound to protect them from such obvious risks as are necessarily incidental to the use of the premises or its amusement devices." Clayton v. New Dreamland Roller Skating Rink, Inc., 14 N.J. Super. 390, 395 (App. Div. 1951). However, it is "bound to exercise reasonable care and render the premises reasonably safe and fit for the use intended." Ibid. "The duty of due care requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003) (citing O'Shea v. K Mart Corp., 304 N.J. Super. 489, 492-93 (App. Div. 1997)). This duty arises out of the fact business owners "are in the best position to control the risk of harm. Ownership or control of the premises, for example, enables a party to prevent the harm." Kuzmicz v. Ivy Hill Park Apartments, 147 N.J. 510, 517 (1997) (citation omitted). This duty extends to the criminal acts of third parties if a business could reasonably foresee such a risk based on prior incidents or the totality of the circumstances. Clohesy, 149 N.J. at 504-05, 517 (noting "[o]ur

courts have recognized . . . a landowner's duty to protect its invitees from criminal acts of third parties may include providing security guards").

The trial court did not err in dismissing plaintiff's negligence claim. We conclude defendant did not owe plaintiff a duty to allow her access to the go-kart ride. We further conclude defendant's duty to provide a safe environment and take reasonable security measures does not extend to protecting patrons from derogatory and pejorative comments in the absence of a foreseeable risk of harm.

Plaintiff has failed to provide any controlling authority for the proposition defendant owed her a duty to allow her access to the ride under the facts presented here. We are also unaware of any caselaw in New Jersey that has extended the general duty amusement parks owe to patrons—to render the premises reasonably safe and provide appropriate security—to plaintiff's allegations in this matter. See Clayton, 14 N.J. Super at 395; see also Clohesy, 149 N.J. at 504-05, 517. Moreover, once defendant determined plaintiff did not meet the minimum height requirement, regardless of whether it was correct in its determination, defendant satisfied any duty it owed by taking a "reasonable precaution" and complying with rider requirements put in place to ensure rider safety. See Steinberg, 226 N.J. at 363.

A-0850-24

Plaintiff also argues the court erred in finding defendant owed no duty to plaintiff to prevent the children in the ride's line from insulting her, which she asserts was foreseeable. We are unpersuaded by plaintiff's arguments and determine the trial court did not err in its findings. Again, plaintiff has failed to point to any binding authority in this state where our courts have imposed a duty on an amusement park, under the circumstances presented, to control comments made by children while waiting in line for a ride. While we by no means condone the children's derogatory and pejorative comments, we nonetheless conclude defendant's duty to provide a safe environment and take reasonable security measures does not extend to protecting patrons from derogatory and pejorative comments in the absence of a foreseeable risk of harm.

Moreover, although amusement parks may control the physical condition of the premises and implement security measures to guard against criminal activity, preventing certain communications between patrons is not feasible. Unlike dangerous physical conditions that can be inspected and remedied, or criminal activity that can be deterred through security measures, verbal insults that occur spontaneously cannot reasonably be prevented. Thus, the trial court correctly concluded defendant did not owe plaintiff a duty to prevent or control the derogatory comments of the children at the park.

A-0850-24

We, therefore, conclude the court did not err in granting defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0850-24