**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0907-24

ROSALIE SOIRO,

    Plaintiff-Appellant,

v.

FAMILY DOLLAR,[1]

    Defendant-Respondent.

_____

Submitted October 9, 2025 – Decided December 3, 2025

Before Judges Marczyk and Bishop-Thomspon.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4115-23.

John J. Pisano, attorney for appellant.

Sweeney & Sheehan, PC, attorneys for respondent (Neal A. Thakkar, on the brief).

PER CURIAM

---

[1] Family Dollar Stores of New Jersey, LLC pleaded as "Family Dollar."

Plaintiff Rosalie Soiro appeals from the October 4, 2024 order granting summary judgment to defendant Family Dollar and dismissing her complaint. We affirm.

We view the following facts established in the summary judgment record in the light most favorable to plaintiff, the non-moving party. See Crisitello v. St. Theresa Sch., 255 N.J. 200, 218 (2023). Plaintiff alleged, while walking down an aisle, she slipped and fell on a clothes hanger on the floor of a Family Dollar store in Orange. She further alleged she hit her head on a shelf and landed on the floor, sustaining permanent injuries to her neck, back, left shoulder, and left knee as a result of the fall.

During her deposition, plaintiff testified she was unaware of any hangers on the floor before she fell and did not see what caused her to fall. She recounted two young boys in the store told her the hangers on the floor caused her to fall; however, she only saw the hangers on the floor after she fell.

The parties engaged in discovery; however, plaintiff did not depose any Family Dollar store employees or a corporate designee. Additionally, plaintiff did not produce any medical records or expert report establishing a causal connection between the alleged fall and her claimed injuries.

A-0907-24

Following discovery, defendant moved for summary judgment. Defendant argued plaintiff could not establish whether it had actual or constructive notice of a dangerous condition, the mode of operation doctrine did not apply, and plaintiff lacked medical proof of any injury causally related to the incident. In opposition, plaintiff argued she was not required to establish defendant had notice of the hangers on the floor because the mode of operation doctrine applied.

After considering the parties' arguments, the motion court granted defendant's motion. In its oral opinion, the court found plaintiff had not established negligence. Citing Lewin v. Ohrbach's, Inc., 14 N.J. Super. 194 (App. Div. 1951), it determined there was no evidence in the record defendant had either actual or constructive notice of the hanger on the floor, or that defendant had a reasonable opportunity to discover the presence of a hanger on the floor. It further concluded, relying on relevant case law, this matter was not a mode of operation case. Additionally, the court noted the record did not raise any factual issues—such as evidence store employees failed to walk through the area or the presence of hangers on the floor—to preclude summary judgment. A memorializing order was entered.

A-0907-24

Plaintiff subsequently moved for reconsideration of the October 4, 2024 order. She argued for the first time defendant failed to respond to her notice to produce documents, which entitled her to an inference of negligence. In support of her argument, plaintiff relied on her notice to produce to defendant, the June 26, 2023 incident report, and defendant's answers to interrogatories. However, none of these documents were part of the initial summary motion record.

The court denied plaintiff's motion for reconsideration on November 22, 2024. In its statement of reasons, the court explained plaintiff failed to meet the standard for reconsideration because she neither referenced defendant's discovery responses in her opposition to the summary judgment motion, nor asserted defendant's failure to respond to her notice to produce prevented her from prosecuting her claim. The court further noted plaintiff did not comply with the applicable discovery rules; specifically, she did not send a good faith letter, move to compel discovery, or seek an extension of the discovery period.

On appeal, plaintiff argues the motion court erred in granting summary judgment because the "inference of fact" weighed in her favor, which would allow a jury to find defendant breached its affirmative duty to provide a reasonably safe premises. In making this argument, she reprises the arguments presented before the motion court. Plaintiff again contends she was not required

A-0907-24

to establish either actual or constructive notice because of defendant's method or mode of operation as a variety store.

We review the trial court's grant or denial of a motion for summary judgment de novo. Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 71 (2024). Applying the same standard as that employed by the trial court, we review the record to determine whether there are material factual disputes and, if not, whether the undisputed facts viewed in the light most favorable to plaintiff, as the non-moving party, nonetheless entitle defendant to judgment as a matter of law. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We owe no deference to the trial court's legal analysis. Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017).

To sustain a negligence claim, a plaintiff must demonstrate: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). The plaintiff bears the burden of proving negligence. See Reichert v. Vegholm, 366 N.J. Super. 209, 213 (App. Div. 2004). In sum, plaintiff "must prove that unreasonable acts or omissions by the defendant proximately caused [their]injuries." Underhill v. Borough of Caldwell, 463 N.J. Super. 548, 554 (App. Div. 2020).

A-0907-24

In the context of business premises liability, a defendant owes a plaintiff "a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003) (citing Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993)).

A defendant has an affirmative duty "to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Id. at 563 (citing O'Shea v. K. Mart Corp., 304 N.J. Super. 489, 492-93 (App. Div. 1997)). To establish a breach of this duty, a plaintiff must demonstrate " the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015) (quoting Nisivoccia, 175 N.J. at 563).

Notwithstanding plaintiff's argument she was not required to establish defendant had either actual or constructive notice of a dangerous condition, the record is devoid of any competent evidence to show or suggest actual or constructive notice to hold defendant liable. In opposition to defendant's summary judgment motion, plaintiff did not present the incident report or deposition testimony from a store employee to demonstrate defendant had notice

6

of the hanger on the floor. Even if we were to accept plaintiff's testimony as true—the hanger was on the floor before her fall—there was no evidence defendant had constructive knowledge the hanger was on the floor "for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016) (quoting Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957)).

In short, there is no genuine issue of material fact as to defendant's negligence, as plaintiff offered no factual testimony to refute evidence defendant lacked notice of the alleged dangerous condition prior to her fall. Thus, the absence of actual or constructive notice of the dangerous condition is "fatal to [a] plaintiff's claim[] of premises liability," and her claim could not proceed to a jury. Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013).

Plaintiff argues the mode of operation doctrine applies, which relieves her of demonstrating defendant's actual or constructive notice of the alleged dangerous condition. See Model Jury Charges (Civil), 5.20F(11), "Mode of Operation Rule" (rev. Nov. 2022); see also Nisivoccia, 175 N.J. at 563-65; Jeter v. Sam's Club, 250 N.J. 240, 252 (2022). We reject plaintiff's argument.

A-0907-24

The "mode of operation rule is not a general rule of premises liability, but a special application of foreseeability principles in recognition of the extraordinary risks that arise when a defendant chooses a customer self-service model." Prioleau, 223 N.J. at 262. In short, the doctrine is a "very limited exception to the traditional rules of business premises liability." Jeter, 250 N.J. at 257 (quoting Carroll v. N.J. Transit, 366 N.J. Super. 380, 389 (App. Div. 2004)).

When a plaintiff invokes the mode of operation doctrine, must demonstrate the dangerous condition arose as a result of the business's self-service mode of operation. Prioleau, 223 N.J. at 262. In doing so, a plaintiff must establish a "nexus between self-service components of the defendant's business and a risk of injury in the area where the accident occurred." Ibid. By contrast, the doctrine does not apply where there is no evidence "the location in which plaintiff's accident occurred . . . bears the slightest relationship to any self-service component of defendant's business." Id. at 264.

Here, plaintiff's argument suffers from the same fatal flaw. She has not established defendant operates a self-service business. Plaintiff did not depose defendant's corporate designee, who could have provided testimony regarding the description and nature of its business operations. Both parties describe

8

defendant's business as a retail establishment. Absent factual evidence regarding the nature of the merchandise for sale and the actual method of defendant's business operations, plaintiff has not satisfied the requisite elements to invoke the mode of operation doctrine. Accordingly, as a matter of law, we cannot conclude defendant had constructive notice of the alleged dangerous condition. See Arroyo, 433 N.J. Super. at 243.

Giving all reasonable inferences to plaintiff, she has not established a dangerous condition existed on defendant's property and defendant was on notice of the condition. Jeter, 250 N.J. at 251. To hold otherwise would impermissibly permit a jury to engage in conjecture about notice because it would have to speculate whether a hanger was on the floor, how the hanger came to be on the floor, and the duration of its existence on the floor. Therefore, based on our review of the record, we conclude defendant is entitled to summary judgment as a matter of law. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-0907-24