**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2274-24

MEDINAH MCGREGOR,

    Plaintiff-Appellant,

v.

NEWARK BETH ISRAEL
MEDICAL CENTER,

    Defendant-Respondent.

_____

        Submitted December 17, 2025 – Decided May 26, 2026

        Before Judges Berdote Byrne and Jablonski.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6705-21.

        Dezao & Dezao, PC, attorneys for appellant (David P. Affinito, of counsel; Aglaia Davis, on the briefs).

        Bressler, Amery & Ross, PC, attorneys for respondent (Risa D. Rich, of counsel and on the brief; Erica G. Litvak, on the brief).

PER CURIAM

Plaintiff appeals from an order granting summary judgment and dismissing the negligence action she filed after she slipped on a collapsed, broken wet floor caution sign that was lying flat inside a restroom at the Newark Beth Isreal Medical Center ("NBIMC"). Plaintiff alleges NBIMC negligently stored or maintained the sign and failed to warn patrons of the hazardous condition it allegedly created. A Law Division judge ultimately concluded that there was no evidence of either actual or constructive notice regarding the sign or any hazardous condition and dismissed plaintiff's complaint. Upon our de novo review of the facts and the record, we affirm.

I.

While at the NBIMC, plaintiff used the patients' bathroom located in its emergency department. Plaintiff did not observe any caution nor wet floor signs inside the room and entered it without incident. Plaintiff slipped and fell while reaching for the door handle to exit the bathroom and landed on a collapsed yellow wet floor sign that was lying flat on the floor near the doorway and trash can. Plaintiff testified that she saw the sign only after she slipped, noting it was broken in half and not positioned as would be a typical upright sign.

2

Plaintiff immediately informed a nurse and a companion about her fall. A NBIMC nurse entered the bathroom and promptly removed the broken sign.

In discovery, NBIMC produced the certification of Numan Ejaz, Assistant Vice President of Operations, who detailed the hospital's cleaning and maintenance procedures. According to that report, the bathroom was monitored and cleaned approximately every ninety minutes by staff on rotating eight-hour shifts. Standard procedure dictated that wet floor signs would be placed outside the restroom door to warn of wet conditions during and after mopping the room. Plaintiff neither deposed Ejaz nor did she pursue discovery into NBIMC's storage or placement practices for wet floor signs when not in active use.

NBIMC also retained an engineering consultant, James Fordham, P.E. of Affiliated Engineering Laboratories, Inc., who inspected the bathroom and a representative sign. With regard to the bathroom, Fordham concluded that, at the time of the site inspection, the bathroom was constructed and maintained safely for its intended use. He also noted it met the requirements of the Newark City Property Maintenance Code. The floor of the bathroom was finished with ceramic tiles that measured three inches square and were colored gray. Each side of the wet floor sign measured ten and one-half inches in

A-2274-24

width by thirty-seven and three-quarters inches in height. The folding trapezoidal supports measured twenty-three and one-half inches in height and varied in width between two and one-half inches along the top of the supports and twelve and one-half inches along the bottom.

Fordham concluded that the yellow color of the wet floor sign sharply contrasted with the dark gray color of the tile surface of the floor, providing a distinct visual cue of a change in elevation and material. He concluded that plaintiff would have been facing the area where the alleged sign condition existed as she exited the bathroom. To the extent that she used the toilet in a customary way, her sight line would have been closer to the floor, giving her an increased opportunity to observe the sign lying on the floor near the entrance, had it been on the floor as plaintiff claimed. Fordham further concluded, based on plaintiff's description of the accident, that had she looked down to operate the foot pedal of the trash receptacle to dispose of the paper towels, she would have had another opportunity to observe the sign lying on the floor in the vicinity of the trash receptacle. He similarly opined that it is unknown how long the wet floor sign was on the floor prior to plaintiff's accident, but that it was reasonable to conclude that it was displaced after she entered the bathroom, as it would have been difficult for her to enter the

A-2274-24

bathroom without encountering the sign given its size compared to the size of the entrance area to the bathroom. Plaintiff did not obtain an expert report to dispute these findings.

After discovery closed, defendant moved for summary judgment and argued plaintiff could neither establish the hospital had actual or constructive notice of the hazardous condition, nor that it had created any danger. Plaintiff opposed the motion and cross-moved to bar NBIMC's liability expert's report. Plaintiff did not move to reopen discovery at any point during these proceedings.

After considering the parties' arguments, the motion judge denied defendant's application, concluding:

> In general, business proprietors owe a duty of reasonable care to business invitees, which includes the duty to conduct reasonable inspections to discover latent dangerous conditions that may cause harm. Prioleau v[]. Kentucky Fried Chicken[, Inc.,] 223 [N.J.] 245, [ ] 257-258 [(2015)].
>
> However, business proprietors are generally not subject to liability for dangerous conditions of which they have no actual or [ ] constructive knowledge [ ].
>
> . . . .
>
> However, when viewing the facts in the light most favorable to the non-moving party, an issue of fact does exist in this case as to whether or not [ ]

defendant created the dangerous condition by placing a sign inside the bathroom, either by laying it down completely . . . on the floor, or by placing it in an upright position so close to the door as to when the door would open, it would fall down automatically.

So there is an issue of fact . . . with respect to how the sign was placed and where it was placed.

Defendant moved for reconsideration. After oral argument, the motion judge granted the application, vacated its prior order, entered summary judgment in favor of NBIMC, and dismissed plaintiff's complaint with prejudice. Upon further reflection, the motion judge held plaintiff could not establish NBIMC had either actual or constructive notice of the purportedly hazardous condition, nor had plaintiff presented any evidence that an employee created or improperly stored the sign inside the bathroom. As a result, no genuine issue of any material fact existed for trial. The judge reasoned:

This court overlooked several issues when it ruled that there existed material issues of fact. The first issue being whether defendant had actual or constructive notice. The second issue being if an inference can be drawn from the facts of this case whether an employee of defendant placed the wet floor sign inside the restroom as opposed to outside. Lastly, whether defendant breached their duty of care. The answer to all three questions is no.

It is evident that defendant did not have actual notice. Therefore, plaintiff has the burden to provide this court with evidence that defendant had constructive

6

notice, and they did not. As previously stated, there was no evidence as to defendant's maintenance policy and procedure other than the certification from Vice President of Operation[s] for defendant that the subject bathroom is cleaned routinely, and a wet floor sign is placed outside the door to warn patients and visitors if the floor is wet. Given the facts in the light most favorable to the nonmoving party, a wet floor sign would have been placed outside the restroom to warn people of a wet floor. There is simply no evidence how the sign made it into the bathroom and for how long it was there before [ ] plaintiff's accident.

Considering there is no proof of constructive notice, this court erred when it determined that a jury could infer there was a possibility that an employee may have placed the sign inside the bathroom in close proximity to the door. Lastly, since there is no proof of constructive notice, there can be no breach of duty.

## II.

On appeal, plaintiff argues that the trial court mistakenly granted defendant's motion for reconsideration despite having previously determined that a disputed issue of material fact existed regarding whether defendant negligently stored the wet floor sign. We disagree.

We conclude the trial court correctly granted reconsideration of the prior decision to deny summary judgment. "Under Rule 4:42-2, interlocutory orders are 'subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest[s] of justice.'" In re Est. of Jones,

477 N.J. Super. 203, 217 (App. Div. 2023) (quoting Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021)); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 4:42-2 (2026) ("[A]n order adjudicating less than all the claims is subject to revision in the interests of justice at any time before the entry of final judgment."). "Until entry of final judgment, only 'sound discretion' and the 'interest of justice' guides the trial court." Lawson, 468 N.J. Super. at 134. "Reconsideration under this rule offers a 'far more liberal approach' than Rule 4:49-2, governing reconsideration of a final order." JPC Merger Sub. v. Tricon Enters., Inc., 474 N.J. Super. 145, 160 (App. Div. 2022). The motion judge's determination to grant defendant's reconsideration motion is consistent with the broad discretion afforded under Rule 4:42-2. As correctly noted by the motion judge, the outcome here reflected that discretion.

## III.

We review a trial court's grant or denial of a motion for summary judgment de novo. Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 71 (2024). Applying the same standard as that employed by the trial court, we review the record to determine whether there are material factual disputes viewed in the light most favorable to plaintiff, as the non-moving party, which nonetheless entitle defendant to judgment as a matter of law.

8

Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We owe no deference to the trial court's legal analysis. Palisades at Fort Lee Condo. Ass'n v. Old Palisade, LLC, 230 N.J. 427, 442 (2017).

To sustain a negligence claim, a plaintiff must demonstrate: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. Of Essex, 196 N.J. 569, 584 (2008)) (internal quotation marks omitted). The plaintiff bears the burden of proving negligence. See Reichert v. Vegholm, 366 N.J. Super. 209, 213 (App. Div. 2004). In sum, plaintiff "must prove that unreasonable acts or omissions by the defendant proximately caused [their] injuries." Underhill v. Borough of Caldwell, 463 N.J. Super. 548, 554 (App. Div. 2020).

In the context of business premises liability, a defendant owes a plaintiff "a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003) (citing Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433 (1993)).

A defendant has an affirmative duty "to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid

creating conditions that would render the premises unsafe." Ibid. (citing O'Shea v. K. Mart Corp., 304 N.J. Super. 489, 492-93 (App. Div. 1997)). To establish a breach of this duty, a plaintiff must demonstrate "the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Prioleau, 223 N.J. at 257 (quoting Nisivoccia, 175 N.J. at 563).

Our review of the record reveals it is devoid of any competent evidence to show or to suggest either defendant had actual or constructive knowledge of a dangerous condition.

Here, no evidence was proffered to support the finding that before plaintiff fell, NBIMC had actual notice that the wet floor sign was on the bathroom floor or even that it was inside the bathroom. To the contrary, plaintiff testified that immediately after she fell, she informed a nurse at NBIMC about the broken sign, and the nurse promptly removed and discarded it:

> And so then I went out from the bathroom and I told [my companion] because she was in the waiting area. I told her what happened. So when I went to go tell the nurse, she actually was calling me. So she called me and when we went in the room, I said I just want to let you know I just slipped and fell on a caution sign that you all had. It was broke and laying on the floor. She immediately went and got it and then took it, you know, to one of the other nurses I think.

Similarly, there is no evidence NBIMC had constructive notice of any dangerous condition. Plaintiff fails to identify any evidence showing that the wet floor sign had been on the bathroom floor long enough for NBIMC to have discovered and eliminated it prior to her fall. Further, according to Fordham's report:

> To the extent that the sign was not lying on the floor when she entered the bathroom, it is reasonable to conclude that the sign was displaced sometime after [plaintiff] entered the bathroom. It is this writer's opinion that if the sign was lying on the floor as she entered the bathroom, it would have been difficult to enter the bathroom without encountering the sign given its size compared to the size of the entrance area to the bathroom.
>
> . . . .
>
> Had [plaintiff] made reasonable observations along her intended path of travel, she could have observed and avoided any alleged displaced sign condition and her accident, in all probability, would not have occurred.
>
> To the extent the sign was displaced after [plaintiff] entered the bathroom, it is this writer's opinion that she would have been able to observe the condition as she used the toilet.
>
> . . . .
>
> Numerous factors contribute to pedestrian safety, including distractions and attentiveness to surroundings. The writer cannot discount these or

11

other factors as causal to [plaintiff]'s accident. Had [plaintiff] made reasonable observations along her intended path of travel, she could have observed and avoided any alleged displaced sign condition and her accident, in all probability, would not have occurred.

Plaintiff neither identifies any facts that contradict Fordham's findings, nor does she present an alternative explanation for how the collapsed sign ended up inside the bathroom. The testimony she offers is speculative and, therefore, insufficient under Rule 4:46-2(c)'s standard for summary judgment.

Plaintiff asserts that "a jury could determine that [ ] [d]efendant's inspection protocols were inadequate" merely because the bathroom was cleaned every ninety minutes. However, she provides no evidence nor standard to establish what would constitute an adequate inspection protocol. Plaintiff further claims that "a jury could determine that [ ] [d]efendant had no particular policy or procedure for storage of the signs and that this sign was most certainly not meant to be in the bathroom." Yet, she offers no evidence to support the assertion that it was against defendant's policy for the sign to be in the bathroom. During discovery, plaintiff had the opportunity to clarify this issue but deposed only one hospital representative, who lacked knowledge regarding the relevant policies or procedures and could not explain why the sign was in the bathroom.

12

Plaintiff's self-serving assertions do not create a genuine issue of material fact sufficient to defeat a motion for summary judgment. See Martin v. Rutgers Cas. Ins. Co., 346 N.J. Super. 320, 323 (App. Div. 2002). The law requires competent evidence—evidence that goes "beyond mere 'speculation' and 'fanciful arguments.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009)).

In sum, there is no genuine issue of material fact as to defendant's negligence, as plaintiff has offered no factual nor expert testimony to refute evidence defendant lacked notice of the alleged condition before her fall. Thus, the absence of actual or constructive notice of the dangerous condition is "fatal to plaintiff's claim of premises liability," and plaintiff's claim cannot proceed to a jury for disposition. Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013). The motion judge properly concluded summary judgment should be granted to defendant.

To the extent we have not addressed a particular argument, it is because our disposition makes it unnecessary, or the argument was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2274-24